David K. **FESLER**, Plaintiff,

v.

**WHELEN ENGINEERING COMPANY, INC.,** Defendant.

No. **3:09–cv–00167.**

United States District Court, S.D. Iowa, Davenport Division.

June 9, 2010.

Robert Eugene Breckenridge, II, Kenneth A. Duker, Breckenridge & Duker PC, Ottumwa, IA, for Plaintiff.

Gabriel J. Jiran, Shipman & Goodwin LLP, Hartford, CT, Leonard T. Strand, Simmons Perrine Moyer, Bergman PLC, Cedar Rapids, IA, for Defendant.

## ORDER ON MOTION TO DISMISS

ROBERT W. PRATT, Chief Judge.

Before the Court is Defendant's Motion to Dismiss the Amended Complaint (hereinafter "Motion to Dismiss"), filed on January 19, 2010. Clerk's No. 14. Plaintiff filed a Response to the Motion to Dismiss on February 1, 2010. Clerk's No. 15. Defendant filed a Reply in Support of the Motion to Dismiss on February 11, 2010. Clerk's No. 16. The matter is fully submitted.

## I. FACTUAL AND LEGAL ALLEGATIONS

David K. Fesler (hereinafter "Fesler" or "Plaintiff") alleges in his Amended Complaint that he was employed by Whelen Engineering Company, Inc. (hereinafter "Whelen" or "Defendant") from November 1980 through July 31, 2007. Am. Compl. ¶ 4. Though he was first hired as a sales representative on a commission basis, the employment relationship changed in 1981, and "Plaintiff became an employee in all senses of the [ ] word." *Id.* ¶ 6. In 1985 and in 1993, Whelen issued written personnel policies and procedures (hereinafter "Policies") that, according to the Amended Complaint, set forth the conditions of employment in detail, including "specific pro-

cedures by which an employee could be disciplined and terminated." *Id.* ¶¶ 8, 9. Fesler asserts that these detailed procedures constituted a contract of employment between Fesler and Whelen. *Id.* ¶¶ 10–13. On or about July 11, 2007, Fesler "was informed by representatives of Whelen that the company is going in a new direction and [Fesler] did not fit into that picture." *Id.* ¶ 15. On July 18, 2007, Fesler received a certified letter from Whelen terminating Fesler effective July 31, 2007. *Id.* ¶ 16. Fesler alleges that his termination was without just cause, that Whelen failed to specify a reason set forth in the Policies, and that Whelen did not follow any of the requirements set forth in the Policies, including notice of any substandard performance or the opportunity to correct such performance. *Id.* ¶¶ 17, 18. These actions, Fesler argues, constitute a breach of his employment contract with Whelen. *Id.* ¶ 19.

Whelen now moves to have Fesler's claim dismissed, arguing that the allegations in the Amended Complaint do not meet the standard of "facial plausibility" required to survive a Rule 12(b)(6) motion. Def.'s Memorandum in Supp. of Mot. to Dismiss Am. Compl. at 2 (hereinafter "Def.'s Br.").

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] Fed. R.Civ.P. 8(a)(2). In reviewing a complaint, a court must "accept as true all of the

---

1. Whelen cites the Court's Order in *Young v. Wells Fargo & Company,* 671 F.Supp.2d 1006, 1036–40 (S.D.Iowa 2009), for the proposition that Fesler is required to set forth his factual allegations to a "requisite degree of specificity" not present in Fesler's Amended Com-

plaint. Def.'s Memorandum in Supp. of Mot. to Dismiss Am. Compl. at 3–4. The portion of the *Young* Order cited by Whelen relates to a claim of mail and wire fraud that, pursuant to Federal Rule of Civil Procedure 9(b), must be plead *with particularity.* 671 F.Supp.2d at

factual allegations contained in the complaint," and must draw "all reasonable inferences ... in favor of the plaintiff." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.' It is not, however, a 'probability requirement.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

The Supreme Court, in *Ashcroft v. Iqbal*, described a "two-pronged approach" for evaluating complaints challenged under Rule 12(b)(6). *Iqbal*, 129 S.Ct. at 1949–50. First, a court should divide the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.* at 1950.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

The "parsing" process requires careful examination of the plaintiff's allegations, however, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. Indeed, "[r]equiring a plaintiff to rule out every possible lawful explanation for the conduct he challenges would invert the principle that the complaint is construed most favorably to the nonmoving party, and would impose the sort of probability requirement at the pleading stage which *Iqbal* and *Twombly* explicitly reject." *Id.* at 597, 127 S.Ct. 1955 (internal quotations and citations omitted).

A court will "draw on its judicial experience and common sense" when determining whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949. Thus, the Court may consider other, more likely explanations for the acts described in the complaint when determining whether the pleaded factual allegations give rise to a plausible entitlement to relief. *Id.* at 1950–51. But, the Court must always be mindful that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "[W]hile a plaintiff must offer sufficient factual allegations to

1036–40. The Rule 9(b) heightened pleading standard does not apply to Fesler's breach of contract claim.

show that he or she is not merely engaged in a fishing expedition or strike suit, [a court] must also take account of [his or her] limited access to crucial information." *Braden*, 588 F.3d at 597.

### III. LAW AND ANALYSIS

 In Iowa, the general rule presumes that employment relationships are formed on an "at will" basis. That is, an employer generally may discharge an employee who does not have a written employment contract "for any lawful reason or for no reason at all." *Lloyd v. Drake Univ.*, 686 N.W.2d 225, 228 (Iowa 2004) (citations omitted). However, the Iowa courts recognize two narrow exemptions to the general rule: (1) "tort liability where a discharge is in clear violation of a 'well-recognized and defined public policy of the State;' " and (2) "employee handbooks that meet the requirements for a unilateral contract." *Anderson v. Douglas & Lomason Co.*, 540 N.W.2d 277, 282 (Iowa 1995) (quoting *Springer v. Weeks & Leo Co.*, 429 N.W.2d 558, 560 (Iowa 1988) and citing *French v. Foods, Inc.*, 495 N.W.2d 768, 769–71 (Iowa 1993)). "Thus, the traditional doctrine of permitting termination 'at any time, for any reason, or no reason at all,' is now more properly stated as permitting 'termination at any time for any *lawful* reason.' " *Fitzgerald v. Salsbury Chem., Inc.*, 613 N.W.2d 275, 281 (Iowa 2000) (internal citations omitted).

In regard to the second judicial exemption to "at will" employment, "an employment handbook may guarantee an employee that discharge will occur only for cause or under certain conditions." *French*, 495 N.W.2d at 770. "Under certain conditions" includes progressive disciplinary procedures that are laid forth in the employee handbook. *Anderson*, 540 N.W.2d at 282–83.

In arguing for dismissal, Whelen highlights particular paragraphs of the Amended Complaint and argues that Fesler's allegations regarding the existence of a contract and breach of that contract are legal conclusions disguised as factual allegations. Whelen suggests that Fesler should be required to identify specific provisions in the Policies that support his allegations and argues that Fesler lacks evidence to support his allegations. In essence, Whelen would have the Court read each of Fesler's allegations in isolation, make inferences in favor of Whelen rather than Fesler, and asks the Court to question the veracity of Fesler's allegations. If the Court were to proceed as Whelen suggests, it would be acting in error. As noted above, Rule 8 requires that a plaintiff provide a "short and plain statement" of his claim. This is what Fesler has done in his Amended Complaint. The legal basis of Fesler's claim is clear, and he has alleged specific facts that, if proven true, will sustain that claim. Namely, Fesler has alleged that the Policies provided a basis for a unilateral contract between himself and Whelen, and that Whelen violated the terms of the contract when it terminated Fesler's employment without just cause, without specifying a reason set forth in the Policies, and without following the disciplinary procedures set forth in the Policies. Whelen may dispute Fesler's allegations at the summary judgment stage of litigation, but for the purposes of this Motion to Dismiss, Fesler has presented factual allegations that plausibly state a claim for breach of an employment contract under Iowa law.

### IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is DENIED. Clerk's No. 14.

IT IS SO ORDERED.